# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

VINCENT GARDUNO,

    Plaintiff,

    v.                                                                                       No. 17-CV-01226-JCH-SMV

DOUGLAS ADAVALOS, *Warden*,
FNU Ward, *Mrs.*, FNU MADRID,
*Sergeant*, FNU LNU, *Two Unknown
Sergeants*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. §§ 1915(e)(2) and 1915A, on Plaintiff Vincent Garduno's Complaint For Violation Of Civil Rights, filed on December 13, 2017 [Doc. 1]. Plaintiff is incarcerated, appears pro se, and is proceeding *in forma pauperis*. For the reasons explained below, some of Plaintiff's claims will be dismissed without prejudice for failure to state a claim on which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b) and Plaintiff will be afforded thirty (30) days in which to file an amended complaint.

    The complaint alleges the following facts. On October 10, 2017, Plaintiff was "refusing to lock down as ordered" and throwing "things around in Pod D." [Doc. 1 at 6] Defendant Douglas Adavalos, the warden at Hidalgo County Detention Center, "order[ed] all responding CO's to take [Plaintiff] down with use of force." [*Id.*] Plaintiff was "thrown face down on [the] ground," "restrained behind [his] back," and forcibly maneuvered down the corridor to a segregation unit. [*Id.*] Defendant Adavalos grabbed the back of Plaintiff's neck and pushed his face into the corner, as he pulled up on Plaintiff's restraints, yelling at Plaintiff to "say yes sir to

his orders and threatening to taze [him] if [he] refused to say yes sir." [*Id.*] Defendant Adavalos then removed Plaintiff's restraints and "turned off all running water to the toilet and sink" of the segregation cell for three days, forcing Plaintiff to "relieve [himself] on the floor." [*Id.*] Plaintiff's complaint seeks $5,000,000 in monetary damages and an injunction requiring Defendants to resign from their employment. [*Id.* at 5]

The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A at any time if the action is frivolous, malicious, or fails to state a claim on which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). The burden is on the plaintiff to frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.*

Plaintiff is proceeding pro se and "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id.* At the

same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*

Plaintiff's complaint names Mrs. Ward and Sergeant Madrid as defendants, but fails to allege that they personally were involved in the alleged constitutional violations. It is well established that "[i]ndividual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997). This is because vicarious liability is inapplicable to civil rights actions under 42 U.S.C. § 1983 and, therefore, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (internal quotation marks and citations omitted). "This personal-involvement requirement does not mean, however, that direct participation is necessary." *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013). The United States Court of Appeals for the Tenth Circuit has recognized that:

> § 1983 allows a plaintiff to impose liability upon a defendant-supervisor who creates, promulgates, implements, or in some other way possesses responsibility for the continued operation of a policy the enforcement (by the defendant-supervisor or her subordinates) of which "subjects, or causes to be subjected" that plaintiff "to the deprivation of any rights ... secured by the Constitution ...." (quoting 42 U.S.C. § 1983).

*Dodds*, 614 F.3d at 1199. To establish supervisor liability, a plaintiff must demonstrate: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* (footnote omitted).

Plaintiff's complaint does not allege that Defendants Ward and Madrid directly were involved in the alleged constitutional violations or that they created, promulgated, implemented,

3

or in some other way possessed responsibility for the continued operation of a policy that caused the alleged constitutional violations. The Court therefore concludes that Plaintiff's complaint fails to state a claim on which relief may be granted against Defendants Ward and Madrid under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Plaintiff's complaint also names two unknown sergeants as defendants. "Courts have generally recognized the ability of a plaintiff to use unnamed defendants so long as the plaintiff provides an adequate description of some kind which is sufficient to identify the person involved so process eventually can be served." *Roper v. Grayson*, 81 F.3d 124, 126 (10th Cir. 1996). Plaintiff's complaint fails to contain an adequate description of the two unknown defendants for service of process and, therefore, Plaintiff's claims against the unknown defendants will be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Lastly, Plaintiff's complaint seeks an injunction requiring Defendants to resign from their employment at the Hidalgo County Detention Facility. [Doc. 1 at 5] This type of relief is improper because the status of Defendants' employment is beyond the authority of the Court. *See Lemmons v. Waters*, No. 11-CV-0500-CVE-PJC, 2012 WL 113686, at *4 (N.D. Okla. Jan. 13, 2012) ("Plaintiff's request for Defendant Shaw's termination from her employment is beyond the authority of this Court and therefore is not a proper request for relief in this action. Accordingly, that claim for relief shall be denied.") (unpublished). Therefore, Plaintiff's claim for injunctive relief will be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

The deficiencies in Plaintiff's complaint may be rectified through more precise pleading and, therefore, the Court will afford Plaintiff an opportunity to file an amended complaint. Plaintiff's amended complaint must "make clear exactly *who* is alleged to have done *what* to

*whom*, to provide each individual with fair notice as to the basis of the claims against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (emphasis in original). This is because "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it, how the defendant's actions harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Thus, a "plaintiff's facile, passive-voice showing that his rights 'were violated' will not suffice. Likewise insufficient is a plaintiff's more active-voice yet undifferentiated contention that 'defendants' infringed his rights." *Thomas*, 718 F.3d 1225-26. "Rather, it is incumbent upon a plaintiff to identify *specific* actions taken by *particular* defendants in order to make out a viable § 1983 . . . claim." *Id.* at 1226 (internal quotation marks and citations omitted; emphasis in original).

Plaintiff is advised that, if he submits an amended complaint, then the amended complaint will supersede his original complaint. *See Gilles v. United States*, 906 F.2d 1386, 1389 (10th Cir. 1990) (noting that an amended pleading "supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified") (internal quotation marks and citation omitted). Therefore, Plaintiff's amended complaint must include *all* of his claims against *all* of the Defendants. Failure to file a timely amended complaint may result in this case proceeding forward *only* on Plaintiff's remaining claims against Defendant Adavalos.

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendants Ward, Madrid, and two unknown sergeants, as well as Plaintiff's claim for injunctive relief, are DISMISSED without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1); Plaintiff is granted thirty (30) days from the date of entry of this order in which to file an amended complaint; and the Clerk of Court is directed to send to Plaintiff, together with a copy of this

Order, a form § 1983 complaint, with instructions.

_____
UNITED STATES DISTRICT JUDGE